**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joel VIVEROS–FLORES, Defendant—
Appellant.**

**No. 03–10212.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 11, 2003.

Thomas C. Simon, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David M. Ochoa, Esq., Phoenix, AZ, for Defendant–Appellant.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

The district court did not abuse its discretion by denying the motion of Defendant–Appellant Joel Viveros–Flores for a new trial or mistrial on the basis of Agent Dillman's isolated reference to the death of fourteen illegal aliens in the desert. This single, unobjected-to reference pertained to an investigation of someone other than the defendant. Moreover, as the district court noted, nothing suggested that the prosecutor prompted the response or ex-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pected such an answer. The prosecutor did not repeat or refer to this testimony at any other point in the trial. The jury instructions referred only to the smuggling of five aliens and the death of one of them. As the district court found, in the context of the trial, and given the limited nature of the statement, there was no likelihood that this one response "could have affected the jury's discharge of its duty to follow the Court's instructions and fairly weigh all of the evidence." As such, there was no abuse of discretion by denying the motion for mistrial or new trial.

Nor did the district court abuse its discretion by admitting testimony about workers scattering when agents arrived at Vazquez Harvesting and that none of the workers found were legally in the United States. Evidence of other acts may be admitted "for the purpose of providing the context in which the charged crime occurred." *United States v. Collins,* 90 F.3d 1420, 1428 (9th Cir.1996). Viveros–Flores had been a foreperson at Vazquez Harvesting for three years, in direct contact with the illegal workers. The agent's testimony was therefore relevant to Viveros–Flores's knowledge and intent with respect to the charged crime and was not unduly prejudicial. Fed.R.Evid. 404(b), 403.

Nor did the district court abuse its discretion by denying Viveros–Flores's motion for a new trial based on the prosecutor's reference to this testimony during closing argument. The prosecutor's argument was properly based on evidence in the record and reasonable inferences therefrom. *See United States v. Atcheson,* 94 F.3d 1237, 1244 (9th Cir.1996). The prosecutor even made clear that Viveros–Flores was not on trial for any prior actions, but argued that the presence of so

many illegal aliens at Vazquez Harvesting could lead to an inference regarding Viveros–Flores's knowledge and intent with respect to the five aliens at issue in this case.

AFFIRMED.